UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,

v.

$3,592.00 UNITED STATES CURRENCY,

                    Defendant.

Case # 15-CV-6511-FPG

DECISION AND ORDER

## INTRODUCTION

The United States of America (the "government") commenced this civil forfeiture action on August 27, 2015 against $3,592.00 United States Currency (the "subject currency") that was seized from Ricardo Bailey ("claimant") at 54 Strong Street, Rochester, New York on February 10, 2015. ECF No. 1. The government alleges that the subject currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6), because it constitutes the proceeds of narcotics sales, was furnished in exchange for narcotics, or facilitated narcotics sales. *Id.* Claimant denies the government's allegations. ECF No. 5.

The government has moved to stay discovery in this case under 18 U.S.C. § 981(g)(1), which is made applicable to this case by 21 U.S.C. §881(i), and claimant opposes the government's motion. ECF Nos. 7, 9. For the following reasons, the government's motion is DENIED WITHOUT PREJUDICE.

## DISCUSSION

18 U.S.C. § 981(g)(1) provides that:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

The government's motion states that a federal grand jury indicted claimant on June 4, 2015 (a little less than three months before this civil action was commenced), and is charged with violating 18 U.S.C. § 924(c)(1)(A)(i), and 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and 856(a)(1)[1]. That Indictment is assigned to this Court, and is currently in the pre-trial stages before Magistrate Judge Marian W. Payson under docket number 6:15-CR-6082-FPG-MWP (the "criminal case").

In determining whether this case is related to the criminal case, the Court looks to the "degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors." 18 U.S.C. § 981(g)(4). Count 2 of the Indictment alleges that on February 10, 2015, claimant maintained 54 Strong Street, Rochester, New York for the purpose of manufacturing and distributing cocaine and cocaine base. The date and location alleged in Count 2 of the indictment are the same date and location that the Complaint in this case alleges the subject currency was seized, and as such, the Court easily concludes that this case and the criminal case are indeed related.

To obtain a stay of the civil case, the government must also demonstrate that "civil discovery will adversely affect the ability of the government to conduct … the prosecution of a related criminal case." 18 U.S.C. § 981(g)(4). Importantly, the government's burden is not simply to show that civil discovery *could* adversely affect the criminal case, but to show that civil discovery *will* adversely affect the criminal case.

Here, the government has not made the required showing. In support, the government argues that they "believe[] that a stay is necessary to protect the government's interest in protecting their witnesses, including case agents and investigators, from depositions in the civil

---

[1] The government's Motion states that the claimant is charged with violating 18 U.S.C. § 924(d) and 21 U.S.C. § 842(a), but neither of those charges are contained in the referenced indictment.

2

case, which could be used by Bailey in the criminal case - a right that he clearly does not have under the criminal prosecution. Similarly, since Bailey is *pro se* in this matter, the government believes that a stay is necessary to preserve Bailey's rights under the Fifth Amendment…" ECF No. 6-7.

The problem with the government's argument is that it eviscerates the statute's requirement of *demonstrating* that civil discovery *will* adversely affect a related criminal case. All the government has offered in its application are possibilities and speculation. If Congress wanted all related civil forfeiture actions to be stayed based on the *possibility* that civil discovery could affect the related criminal matters, the statute could have easily provided for that. But Congress chose a different standard, and to warrant a stay, the government must satisfy the standard that the statute requires.

It may be that once discovery commences that the government's predictions will prove true. And if they do, the government (or claimant) is free to file a renewed motion to stay discovery in this case. But to grant a stay on this record, without any specific showing and when no lesser alternatives (such as a protective order, or preliminarily limiting discovery to certain areas or types) have even been attempted, in this Court's view would be inconsistent with the standard articulated by the statute. *See United States v. Leasehold Interests In 118 Ave. D, Apartment 2A*, 754 F. Supp. 282, 287 (E.D.N.Y. 1990) ("[T]he Government should be required to make some specific showing of potential harm if the requested discovery is disclosed without being compelled to compromise the prosecution of the ongoing related criminal proceeding. Mere conclusory allegations of *potential* abuse or simply the *opportunity* by the claimant to improperly exploit civil discovery, however, will not avail on a motion for a stay.") (emphasis in original).

One final point. As previously stated, the Indictment in the criminal case alleges that claimant was involved in narcotics violations involving cocaine and cocaine base on the same date and at the same location where the government seized the subject currency. And that Indictment (which is pending before this Court) contains a forfeiture allegation, which informs claimant that if he is convicted on any of the offenses alleged in the Indictment, the government will seek to forfeit certain property that was involved in those crimes. But curiously, the Indictment only lists a firearm and rounds of ammunition as being subject to forfeiture in the criminal case. The Indictment does not list the subject currency as being subject to forfeiture in the criminal case, despite the exact match between dates and locations, and the government's argument in this case that these cases are "inextricably related." ECF No. 7, at 4. While it is the government alone who makes charging decisions, the Court cannot overlook the fact that the subject currency is conspicuously absent from the criminal Indictment, despite the existence of parallel criminal forfeiture statutes that would allow the government to seek forfeiture of the subject currency in the related criminal case. *See* 21 U.S.C. §§ 853(a)(1) and (2).

## CONCLUSION

For the foregoing reasons, the government's Motion to Stay (ECF No. 7) is DENIED WIHTOUT PREJUDICE.

IT IS SO ORDERED.

Dated:     September 28, 2016
           Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

4